IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2148-FL

COTEY WYNN,

    Petitioner,

v.

JONATHAN C. MINER,

    Respondent.

ORDER

The matter is before the court on respondent's motion to dismiss, or in the alternative for summary judgment (DE #10).[1] Petitioner failed to respond to respondent's motion within the time allotted. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court grants respondent's motion.

## STATEMENT OF THE CASE

On July 12, 2010, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that Bureau of Prisons ("BOP") failed to credit his sentence for three hundred sixty-two (362) days that he served for unrelated charges that ultimately were dismissed. Respondent filed a motion for summary judgment on April 4, 2011, arguing, *inter alia*, that the petition should be denied because petitioner failed to exhaust administrative remedies. Although petitioner was notified of respondent's motion, he failed to respond.

---

[1] Because respondent attached matters that are outside of the pleadings, and the court has relied on these materials in adjudicating respondent's motion, that motion will be construed as one seeking summary judgment under Rule 56. See Fed. R. Civ. P. 12(d).

## DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Respondent contends that petitioner's § 2241 claim should be dismissed because he failed to exhaust his administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) (citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (noting general requirement of exhaustion before *habeas* remedies are available). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

2

Petitioner concedes in his petition that he failed to exhaust his administrative remedies before filing this action.[2] Petitioner explains that he has not pursued administrative remedies for his claim because it would be futile. Exhaustion of administrative remedies may be excused when a petitioner establishes that exhaustion would be futile. United States v. Strickland, No. 7:98-CR-82-5-F(1), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004), aff'd, 126 F. App'x 116, 117 (4th Cir. 2005) (unpublished). Petitioner bears the burden of demonstrating futility. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Exhaustion is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." Strickland, 2004 WL 3414644, at *1 (citing James v. U.S. Dep't of Health & Human Servs., 824 F.2d 1132, 1139 (D.C. Cir. 1987)).

Petitioner bases his futility claim on the fact that if he was awarded the contested credit on his sentence, he would be eligible for placement in a residential reentry center ("RRC"). However, the exhaustion requirement is not excused simply because an inmate believes that the timing of the exhaustion process will prevent him from receiving his full RRC placement. Arbaugh v. Berkebile, No. 5:10-0528, 2010 WL 5481198, * 4 (S.D.W. Va. Nov. 8, 2010) (citing Wright v. Warden, No. RDB-10-671, 2010 WL 1258181, *1 (D. Md. Mar. 24, 2010) (finding that "[e]xaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark.")) (citations omitted). Moreover, petitioner has not established that the BOP has taken a strong position on his sentence credit issue, much less an unwillingness to reconsider its position. See McKnight v.

---

[2] Petitioner states that he submitted a letter to the Designation and Sentence Computation Center on June 4, 2010, but had not received a response. See Pet. 8 & Ex. F. However, petitioner included, as an exhibit to his petition, a response from the Designation and Sentence Computation Center dated June 23, 2010. Id. As admitted by petitioner, he did not proceed with the exhaustion process. Pet. 4; Jernigan Decl. 9; Cox Decl. 5.

3

Whitehead, No. WDQ-10-1026, 2010 WL 1780135, *2 (D. Md. Apr. 28, 2010); Almeida v. Stansberry, No. 5:05-HC-834-D (E.D.N.C. June 14, 2006) (unpublished); Fieldings v. Federal Bureau of Prisons, No. 5:05-HC-835-H (E.D.N.C. May 1, 2006) (unpublished). Therefore, petitioner has failed to meet his burden of establishing the futility of administrative review. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse the failure to exhaust administrative remedies. Thus, petitioner's § 2241 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

## CONCLUSION

Respondent's motion for summary judgment (DE # 10) is GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 11th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge